UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| MIKE McCARTHY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Case No. 2:04 cv 369 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant | ) |

OPINION AND ORDER

This matter is before the court on the Amended Petition for Attorney Fee Pursuant to §206(b)(1) filed by the plaintiff's counsel, petitioner Frederick J. Daley, on April 9, 2008. For the reasons set forth below, this motion is **GRANTED**.

Background

On January 30, 2006, this court reversed the decision of the administrative law judge denying disability benefits to the claimant, Mike McCarthy. His attorney, together with the government, filed a stipulation agreeing to an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C §2412(d), in the amount of $5,875.00. This stipulation was entered on May 5, 2006.

Almost one year after this court's reversal of the ALJ's decision, McCarthy prevailed before the Commissioner and was awarded disability benefits. The amount included past due benefits of $124,680.52 and auxiliary past due benefits, based upon the plaintiff's minor child, of $62,326.00. The petitioner now

seeks an award of fees equal to 25% of the past due benefits pursuant to a contingency fee agreement with the plaintiff.

## Discussion

Fees may be awarded under both the Equal Access to Justice Act and 42 U.S.C. §406(b) provided the attorney refunds the lesser amount to the claimant. ***Gisbrecht v. Barnhart,*** 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002)(*quoting* Act of Aug. 5, 1985, Pub.L. 99-80, §3, 99 Stat. 186)("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'") In ***Gisbrecht***, the Supreme Court began its discussion of the reasonableness of fees under §406(b) by recognizing the "primacy of lawful attorney-client fee agreements." ***Gisbrecht***, 535 U.S. at 793, 122 S.Ct. at 1820. The Supreme Court, in rejecting a lodestar approach under §406(b), characterized the hourly-rate approach as holding sway in fee-shifting provisions but noted that "fees shifted to the losing party, however, are not at issue here." ***Gisbrecht***, 535 U.S. at 802, 122 S.Ct. at 1825. Instead, the matter regarded a contingency agreement, and the Supreme Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits." ***Gisbrecht***, 535 U.S. at 807, 122 S.Ct. at 1828. However, within this boundary, the Supreme Court also held that the fees must be "reasonable for the services rendered." ***Gisbrecht***, 535 U.S. at 807, 122 S.Ct. at 1828. This determination of reasonable fees considers "the

2

character of the representation and the results achieved." *Gisbrecht*, 535 U.S. at 808, 122 S.Ct. at 1828 (*citing* *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989). Delay caused by the attorney or large benefits in relation to time spent may support a downward adjustment:

> In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

535 U.S. at 808, 122 S.Ct. at 1828-29

Since *Gisbrecht*, lower courts have struggled to articulate a rationale for finding a contingency agreement unreasonable and defining when a fee crosses the boundary. *See Ellick v. Barnhart*, 445 F.Supp.2d 1166, 1168 (C.D. Cal. 2006)("To date, there have been 43 reported decisions applying *Gisbrecht* to section 406(b) fee requests. A survey of these cases reveals considerable divergence and scant evidence of any 'uniform rule of law.'")

In this instance, the Commissioner first suggests that the attorney's fee petition should be dismissed entirely because he did not provide the court with his "non-contingent rate" and, consequently, left the court without the ability to determine the reasonableness of the fees requested. This court can find no basis for the outright dismissal of the petition in the Supreme Court's statement that a court "may" look to this figure as an aid to determining reasonableness. *See Blizzard v. Astrue*, 496

3

F.Supp.2d 320, 324 (S.D.N.Y. 2007)("With respect to counsel's 'normal hourly billing charge' - the rate adverted to in *Gisbrecht* - counsel have not disclosed these rates. Nor has the Court asked them to do so. (Nor, as pointed out previously, does *Gisbrecht* require that they be submitted.").

The Commissioner also objects that in this case, a 25% contingency fee produces a windfdall. The Supreme Court's decision in *Gisbrecht* both upheld contingency agreements as having "primacy" and left open the lower court's ability to gauge reasonableness with reference to the attorney's hourly rates. However, the Commissioner's argument that the fees in this instance are unreasonably high focuses exclusively on drawing conclusions from an hourly rate calculated from the hours the attorney has claimed and the 25 percent rate. In that regard, the Commissioner's approach effectively supplants the contingency fee contract with an approach that is indistinguishable from a lodestar approach. Though *Gisbrecht* leaves some room for interpretation, it is clear that the lodestar approach was rejected in favor of contingency agreements and that a focus on hourly rates was only one mechanism for gauging reasonableness.

The Commissioner has offered no argument with respect to the other factors addressed in *Gisbrecht*. There is no dispute that McCarthy's attorney achieved excellent results and that these results were the results of the attorney's effort and not happenstance. *See e.g. Koester v. Astrue*, 482 F.Supp.2d 1078, 1083 (E.D. Wis. 2007). Further, the Commissioner did not address the

widely recognized understanding that recovery under contingency fee agreements serves to offset an attorney's losing cases. *See e.g. Koester*, 482 F.Supp.2d at 1082; ***Stemper v. Astrue***, No. 04 CV 838, 2008 WL 2810589 at *2 (W.D. Wis. July 14, 2008). *See also* ***Hensley v. Eckerhart,*** 461 U.S. 424, 448, 103 S.Ct. 1933, 1947, 76 L.Ed.2d 40 (1983)(Brennan, J. Concurring in part and dissenting in part)("Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate."). There can be little doubt over the application of this principle to cases regarding Social Security disability benefits, where the risk of loss is high and cases potentially stretch out over long periods of time. *See also* ***Black v. Astrue***, 229 Fed.Appx. 515, 517, 2007 WL 1202886, at *1 (9th Cir. 2007)("The court did not consider most of the reasonableness factors noted in ***Gisbrecht***, including the attorney's risk of loss, the nature and character of the representation, future benefits accruing to the petitioner from counsel's work, delays caused by counsel and other uncertainties.").

In light of these circumstances, this court agrees that from among the twin aims of ***Gisbrecht*** – protection of the primacy of contingency agreements and the assurance of reasonable fees – the deference afforded the agreement should be cast aside only in extraordinary circumstances. ***McGuire v. Sullivan***, 873 F.2d 974,

980-81 (7th Cir. 1989)("In addition, when an attorney and client have entered into a contingency agreement, due deference should be given to this expression of the intentions of the parties."). Because there is no question of the skill, effort, or success of the attorney on behalf of the client, the court accepts the parties' contract.

_____

For the foregoing reasons, the Amended Petition for Attorney Fee Pursuant to §206(b)(1) filed by the plaintiff's counsel, petitioner Frederick J. Daley, on April 9, 2008, is **GRANTED**. The petitioner is awarded $46,753.88, pursuant to 42 U.S.C. §406(b)(1). From this amount petitioner shall reimburse plaintiff $5,875.00, the amount previously received pursuant to the Equal Access to Justice Act.

ENTERED this 8th day of October, 2008

                                   s/ ANDREW P. RODOVICH
                                      United States Magistrate Judge